IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Liron Xu
        Plaintiff
                                VS


Rochelle Bilal,
                        Difendant
Jeffrey Hans, Badge #543
                        Difendant.            Case No.
Detective Joseph Fargnoli
                        Difendant
David Fallen, Inspector
                        Difendant

## Complaint

**PLAINTIFF:**
LiRongXu
address: 354 Waterloo Blvd Unit 204
Exton PA 19342
Email : lirongxu0524@gmail.com


**DEFENDANTS:**
Rochelle Bilal, Sheriff of Philadelphia County
Jeffrey Hans, Badge #543
Detective Joseph Fargnoli
David Fallen, Inspector
Sheriff's Office of Philadelphia County
address: 100S.Broad Street 5TH Floor Philadelphia PA 19110


## I lirong Xu plaintiff   request the Federal Circuit Court to grant a jury trial.

### Parties
5. Plaintiff Lirong Xu is a resident of the Commonwealth of Pennsylvania.
6. Defendant Rochelle Bilal is the Sheriff of Philadelphia County, responsible for law enforcement matters.
7. Defendant Jeffrey Hans, Badge #543, is an officer with the Philadelphia County Sheriff's Office.
8. Defendant David Fallen is an inspector with the Philadelphia County Sheriff's Office.
9.Defendant Detective Joseph Fargnoli is the officer responsible for the eviction.

## Jurisdiction Statement

1. **Fourteenth Amendment:**
    - The defendants' actions violated the plaintiff's rights to equal protection and due process under the Fourteenth Amendment of the United States Constitution.
    - The plaintiff has suffered significant rights violations in all related cases, including illegal eviction, fraud, discrimination, and procedural unfairness.

2. **Federal Civil Rights Law:**
    - The defendants' actions constitute violations of the plaintiff's rights under the Federal Civil Rights Law (42 U.S.C. § 1983).
    - The actions of the landlord, police, and the Philadelphia County Sheriff's Office collectively resulted in severe infringements on the plaintiff's constitutional rights.

3. **Violation of the Fair Housing Act (FHA):**
    - The defendants' actions violated the Fair Housing Act by discriminating against the plaintiff based on their protected status.

4. **Civil Rights Act of 1866:**
    - The defendants' actions also violated the Civil Rights Act of 1866, which prohibits discrimination based on race, religion, nationality, and other factors.
        - The plaintiff is a member of a protected class (e.g., recent immigrant).
        - The landlord knew or suspected that the plaintiff belonged to this protected class.
        - The landlord's actions were based on discriminatory intent related to the plaintiff's identity, leading to the illegal eviction.


## Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the plaintiff's claims arise under the Constitution and laws of the United States, including but not limited to violations of the due process clause of the Fourteenth Amendment.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district.

# Facts Background:

## I.) **Introduce:**

of Philadelphia County, as government officials, were fully aware that the eviction of the plaintiff on June 24, 2024, based on Sheriff No. 24000419's invalid Writ of Possession from the Philadelphia Court (Exhibit A), was illegal.

A valid Writ of Possession from the Philadelphia Court should have the following characteristics:
**Color**: Official stamps are generally blue or red, not black. A black stamp might indicate a photocopy or an unofficial document.
**Details**: A genuine court stamp is usually very clear and includes detailed information such as the court's name, address, and emblem.
**Signature**: In addition to the stamp, an official document would also have the signature and date of a responsible official.
**Embossed Seal**: Some court documents use an embossed seal, which can be felt by touch, indicating raised or indented marks.

As Exhibit A, the invalid Writ of Possession's official stamp was merely a black photocopy, lacking the tactile feel of an embossed seal, without the signature of a responsible official from the Philadelphia Court, and without a date. Despite this invalid Writ of Possession, Sheriff No. 24000419 issued an eviction order and executed the actual eviction of the plaintiff on June 24, 2024.

The plaintiff's case in the Philadelphia court (case number 220300305) has three orders currently under appeal in the Pennsylvania Supreme Court (case numbers: 205 EAL 2024, 237 EAL 2024, 238 EAL 2024) until August 5, 2024. Additionally, in the Philadelphia court case 220300305, there are three motions that have not been heard at all! The actions of the four defendants in evicting the plaintiff violated the plaintiff's due process rights.

## II.) **Timeline:**

1. In the Philadelphia Court civil case No. 220300305, the plaintiff's attorney, Cole Robert, submitted an invalid eviction order (Exhibit A) on May 8, 2024, which lacked the signature of a court official and a date but had a black photocopied stamp.

2. In the Philadelphia Court civil case No. 220300305, the plaintiff's attorney, Cole Robert, made a payment to the Sheriff's Office of Philadelphia County on May 15, 2024.

3. Sheriff No. 24000419 posted a Notice to Vacate (Exhibit B) on the window of the store located at 50 S 2nd Street (Exhibit C).

4. On June 24, 2024, the plaintiff was evicted from the store at 50 S 2nd Street, and the locks were changed (Exhibit D).

5. On June 24, 2024, the plaintiff informed the defendant, Detective Joseph Fargnoli, via message that the Writ of Possession was invalid (Exhibit E).

6.    On June 25, 2024, the plaintiff went to the office of the Sheriff's Office of Philadelphia County and informed the defendant, Inspector David Fallen, that the Writ of Possession was invalid, hoping to correct the wrongful eviction. Inspector David Fallen refused to take any action.

III.) **Key Facks:**
**Count I – Violation of Due Process (42 U.S.C. § 1983)**

7. The four defendants, without legal authorization, used invalid documents to evict the plaintiff, infringing upon the plaintiff's due process rights.

8. The four defendants are professionals in the Sheriff's Office of Philadelphia County responsible for handling evictions, and they understand the importance of the legal eviction process and documents. It is absolutely unacceptable and impermissible for them to evict the plaintiff based on an invalid Writ of Possession. The defendants knowingly violated legal procedures in executing the eviction.

9. On June 24, 2024, the plaintiff informed defendant Detective Joseph Fargnoli that the Writ of Possession, lacking a court official's signature and date, was invalid. Despite this, defendant Detective Joseph Fargnoli changed the locks on the plaintiff's store on June 24, 2024, effectively evicting the plaintiff. Detective Joseph Fargnoli falsely claimed that the stamp on the Writ of Possession was legitimate, despite the absence of the court official's signature and date. (Exhibit)

10. On July 2, 2024, when the plaintiff approached the department head of the Sheriff's Office of Philadelphia County, defendant David Fallen acknowledged that the Writ of Possession was invalid but still refused to halt the eviction. As a result, the plaintiff's store was forced to close, causing significant economic loss and impact.

**Count II – Abuse of Process**

11. As of August 5, 2024, when the plaintiff filed the complaint against the four defendants, three motions in the Philadelphia court's civil case remain unaddressed, and three orders are currently under appeal in the Supreme Court. The case has not reached a final judgment.

12. The defendants abused legal procedures by using an invalid Writ of Possession to evict the plaintiff, intentionally causing harm by misusing their authority.

**Count III – Violation of the Civil Rights Act of 1866**

13. The plaintiff, a recent immigrant from China, was discriminated against due to their nationality.
** The plaintiff belongs to a protected class (recent immigrant).

4

** The landlord was aware that the plaintiff was a member of this protected immigrant class.
** The eviction was based on discriminatory actions against the plaintiff's nationality.

14.The four defendants from the Sheriff's Office of Philadelphia County, acting on the landlord's completely invalid Writ of Possession, complied with the landlord's illegal eviction request, discriminating against the plaintiff based on their status as a recent immigrant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the Defendant's actions violated Plaintiff's constitutional rights;
B. Award Plaintiff compensation for all damages resulting from the illegal eviction, including but not limited to economic losses and emotional distress;
C. Order Defendant to pay Plaintiff's attorney fees and litigation costs;
D. Provide any other relief that the Court deems appropriate.